UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE SERVANTES | Case No. 14-10250 |
| Plaintiff, | Gershwin A. Drain |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 11)**

**I.     PROCEDURAL HISTORY**

    A.     Proceedings in this Court

On January 20, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for disability insurance, period of disability, and supplemental security income benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 9, 11).

    B.     Administrative Proceedings

Plaintiff filed the instant claims on January 5, 2012, alleging disability

beginning September 19, 2010. (Dkt. 7, Pg ID 41). Plaintiff's Title II claim was initially disapproved by the Commissioner on January 23, 2012 based on *res judicata*. (Dkt. 7, Pg ID 41). Plaintiff's Title XVI claim was denied on April 13, 2012. *Id*. Plaintiff requested a hearing and on January 15, 2013, plaintiff appeared, with counsel, before Administrative Law Judge ("ALJ") Kathleen H. Eiler who considered the case de novo. (Dkt. 7, Pg ID 41-51). In a decision dated February 22, 2013, the ALJ found that plaintiff was not disabled. *Id*. Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on November 18, 2013, denied plaintiff's request for review. (Dkt. 7, Pg ID 31-33); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

II.   FACTUAL BACKGROUND

    A.   <u>ALJ Findings</u>

Plaintiff was born in 1965 and was 45 years of age on the alleged disability onset date. (Dkt. 7, Pg ID 50). Plaintiff had past relevant work as a fork lift driver, parts inspector, cashier, janitor, and a machine cleaner. *Id*. The ALJ

applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Dkt. 7, Pg ID 43). At step two, the ALJ found that plaintiff's degenerative disc disease, left shoulder disorder, and hypertension were "severe" within the meaning of the second sequential step. (Dkt. 7, Pg ID 43). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 7, Pg ID 45).

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work with the following limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never crawl or climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, crouch, or kneel. He can never reach overhead with his left upper extremity and can frequently (as opposed to constantly) handle or finger with the left upper extremity. He is left hand dominant. The claimant must avoid even moderate exposure to vibration or workplace hazards.

(Dkt. 7, Pg ID 46). At Step Four, the ALJ found that plaintiff could not perform his past relevant work. (Dkt. 7, Pg ID 50). However, the ALJ determined that, considering plaintiff's age, education, experience, and RFC, there were jobs that exist in sufficient numbers that plaintiff can perform and therefore, plaintiff had

3

not been under a disability from the alleged onset date through the date of the decision. *Id.*

    B.    <u>Plaintiff's Claims of Error</u>

Plaintiff's brief begins with a recitation of the standards to be applied in evaluating the credibility of pain complaints. Plaintiff then moves on to the Commissioner's obligation to prove that he was capable of other work, given that he had no past relevant work. Plaintiff contends that the Commissioner failed to satisfy this burden of proof because the hypothetical question posed to the vocational expert and on which the ALJ relied did not accurately describe plaintiff's limitations in all relevant respects. Plaintiff contends that his testimony is "backed up in the medical records and for the ALJ to indicate that [plaintiff's] testimony is not credible is erroneous." (Dkt. 9, Pg ID 397). Plaintiff asserts that the lights jobs identified by the vocational expert are not consistent with his neck and shoulders impairments, which are clearly indicated in the medical records.

Next, plaintiff recites the standard applicable to the assessment of a treating physician opinion. After reciting these standards, plaintiff asserts that it is "clear from the medical evidence of record and [plaintiff's] testimony that his ability to engage in substantial gainful activity is severely limited as a result of his physical condition. As such, [plaintiff] would only be capable of engaging in substantial gainful activity only by enduring great pain and should, therefore, be found

4

disabled in accordance with the Social Security Rules and Regulations." (Dkt. 9, Pg ID 400-401).

### C. The Commissioner's Motion for Summary Judgment

According to the Commissioner, although plaintiff's brief contains a large amount of boilerplate language pertaining to a variety of legal issues, he only develops one argument – that the ALJ improperly discounted plaintiff allegation of disabling pain and consequently, the RFC assessment and corresponding hypothetical to the VE did not accurately reflect plaintiff's limitations. According to the Commissioner, plaintiff does not explain why the ALJ's analysis of the medical evidence was flawed and he does not point to any evidence in the record that would compel a contrary finding. The Commissioner maintains that plaintiff's undeveloped arguments should be deemed waived.

The Commissioner contends that if the Court is not inclined to find waiver, it should still affirm the decision because substantial evidence supports the ALJ's credibility assessment. The Commissioner points to *Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003), which holds that "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *See* 20 C.F.R. § 416.929. Here, the Commissioner contends that the ALJ fully considered plaintiff's subjective complaints, but reasonably concluded that his

5

complaints of disabling symptoms were inconsistent with:

> (1) Treatment records indicating that Plaintiff's hypertension was well-controlled and that he denied any related symptoms (Tr. 20) (citing Tr. 173, 175, 245-46, 268, 281, 283, 285, 290);
>
> (2) Objective imaging studies showing that Plaintiff's cervical spine was within normal limits (Tr. 20) (citing Tr. 169, 171-72);
>
> (3) Plaintiff's relatively normal physical examination results, which included findings that he had normal gait and station; normal motor functioning and tone; no neurological deficits; and full, unrestricted range of motion in his left shoulder, including the ability to lift his hand above his head (Tr. 20) (citing Tr. 206-07, 213-14, 265, 269, 270, 282, 286, 292);
>
> (4) Plaintiff's statements to his treating providers that his arms and hands were no longer falling asleep (Tr. 20) (citing Tr. 186, 188, 190, 192);
>
> (5) Dr. Sears' June 2011 opinion that Plaintiff had no functional limitations (Tr. 20-21) (citing Tr. 237-40);
>
> (6) Evidence that Plaintiff responded well to surgery, physical therapy, and medication, at times reporting that he was not in any pain and was not taking any medication for relief (Tr. 21) (citing Tr. 169, 173, 175, 179, 187, 189, 191, 193, 195, 196, 204, 212, 245-46, 256, 272, 281-82, 285, 290).
>
> (7) Evidence that Plaintiff stopped working not because he was disabled, but because he was laid off in 2008 (Tr. 22) (citing Tr. 107); and
>
> (8) Dr. Bancroft-Treadway's opinion that Plaintiff could manage a reduced range of light work (Tr. 22) (citing Tr.

6

309-11).

The Commissioner acknowledges that plaintiff told medical providers at various points that he could not afford medication or treatment. Generally, an ALJ may not penalize a claimant for failing to seek treatment he cannot afford. *See McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990) ("[T]he severity and disabling nature of a condition must be evaluated without regard to remediability if the claimant has no means to pay for remedial treatment."). However, despite his alleged inability to afford treatment, the Commissioner points out that plaintiff admitted to doctors that he smoked between half a pack and two packs of cigarettes per day, drank six beers per day, and used marijuana weekly. (Tr. 204, 212, 232, 237, 245-46, 268, 291). *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988) (taking judicial notice of the monetary cost of smoking cigarettes, and noting that plaintiff's admission that he smoked two packs of cigarettes per day undermined his claim that he could not afford prescribed treatment); *see also Mayle v. Astrue*, 2007 WL 4285383, at *21 (D.S.C. Dec. 3, 2007) (observing that claimant's consistent ability to obtain cigarettes and alcohol undercut his claim that he was unable to afford treatment). Thus, the Commissioner contends that plaintiff's expensive habits cast doubt on any suggestion that he stopped taking all of his medications solely because he lost his insurance. (Tr. 285); *See Sias*, 861 F.2d at 480. And, in any event, the

Commissioner maintains that the ALJ's finding that plaintiff received minimal treatment for his impairments was not crucial to her analysis, because, as discussed above, other evidence in the record amply supports her finding that plaintiff was not entirely credible. *See Davis v. Astrue*, 2009 WL 2901216, at *1 (E.D. Ky. 2009) (finding harmless ALJ's failure to consider claimant's ability to afford medical treatment, where the credibility assessment was based on numerous factors, not just the lack of frequent medical treatment).

According to the Commissioner, because the ALJ appropriately found that plaintiff's allegations were not credible, she was not required to account for them in her RFC assessment and corresponding hypothetical to the VE. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (holding that the ALJ is required to incorporate in his hypothetical questions only those limitations that he accepts as credible); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("If the hypothetical question has support in the record, it need not reflect the claimant's unsubstantiated complaints."). Thus, according to the Commissioner, there was no error.

### III. DISCUSSION

#### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely

8

reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing, *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

  B. <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited

13

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis and Conclusions</u>

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the bald claims that the ALJ erred, while leaving it to the Court to scour the record to support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ...

put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). In the view of the undersigned, all of plaintiff's arguments are wholly insufficient and undeveloped. Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error of any sort.

Moreover, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations were accommodated in the RFC. Plaintiff simply fails to explain how the ALJ's RFC does not accommodate his credible limitations, as found by the ALJ, which are fully supported by substantial evidence in the record. Moreover, simply because plaintiff suffers from a certain condition or carries a certain diagnosis does not equate to disability or a particular RFC. Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from–though his maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to work. One does not

necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. 2004). "The regulations recognized that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). Thus, the mere existence of any condition from which plaintiff may have suffered does not necessarily establish any functional limitation or disability. Here, plaintiff seemingly argues that merely because he suffers from certain impairments, he must be disabled. This is not so. And, significantly, plaintiff has failed to produce medical evidence or an opinion showing that he had greater limitations than the ALJ found. *See Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").

Notably, plaintiff's counsel regularly presents briefs with woefully underdeveloped arguments. *See e.g.*, *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1 n. 1 (E.D. Mich. 2014) (Rosen, C.J.). In *Fielder*, Chief Judge Rosen suggested that sanctions, including a referral for disciplinary proceedings would be in order for future similarly deficient filings. Chief Judge Rosen's opinion was released on March 24, 2014. Plaintiff's brief in this case was filed on

May 1, 2014, giving him more than adequate notice that he would be subject to sanctions if he continued to file such egregiously poor work product. In other recent cases, it has been recommended that monetary sanctions be assessed against plaintiff's counsel and/or that he be referred to the Attorney Grievance Commission, as he was so warned in *Fielder*. *See e.g.*, *Swadling v. Comm'r of Soc. Sec.*, Case No. 14-10251 (E.D. Mich.) (Report and Recommendation, Dkt. 12); *Armstrong v. Comm'r of Soc. Sec.*, Case No. 13-14218 (E.D. Mich.) (Report and Recommendation, Dkt. 13).[1] As Magistrate Judge Mona Mazjoub observed in *Swadling*, "Attorney Doud has been warned, and he has ignored those warnings." The undersigned agrees with Judge Mazjoub that "Attorney Doud's conduct is egregious and a wanton abuse of the judicial process tantamount to bad faith, resulting in the gross misrepresentation of his client." *Id*. A court may exercise its inherent powers to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011), quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Sanctions imposed under a court's inherent authority are punitive in nature. *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 647 (6th Cir. 2006). "Accordingly, the sanction must be severe enough to have

---

[1] The Reports and Recommendations in *Swadling* and *Armstrong* remain pending before District Judge Terrence G. Berg and District Judge David M. Lawson, respectively, with no objections filed.

some deterrent effect without being excessive and risking that the sanctioned party would to have have an inability to satisfy the sanction's terms." *Dubuc v. Green Oak Twp.*, 2010 WL 3245324, at *10 (E.D. Mich. 2010), aff'd, 482 Fed.Appx. 128 (6th Cir. 2012). As in *Swadling*, the undersigned finds that a sanction of $7,500.00 is appropriate. And, as Chief Judge Rosen stated in *Fielder*, "failure to adhere to [the appropriate] standards will result in . . . possible referral of counsel for disciplinary proceedings." The undersigned wholeheartedly agrees with Judge Mazjoub that such a referral is now appropriate.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the findings of the Commissioner be **AFFIRMED**, and that sanctions be assessed against plaintiff's counsel as set forth above.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

 Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 3, 2015     s/Michael Hluchaniuk
              Michael Hluchaniuk
              United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on February 3, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov